## HOWE *et als. v.* BRIGGS *et al.*

A NEW trial will not be granted on affidavit by a witness of mistake in his testimony on the trial, unless there be a clear showing of mistake; and further, that it was injurious to the party, and that he had no means or had used due diligence to counteract the mistake or to correct it.

On motion for new trial the Court below should not, unless good reason be shown, receive an affidavit made after the time for filing affidavits or statements on the motion has elapsed.

APPEAL from the Fourteenth District.

Suit for damages for trespasses upon mining claims—the point involved on the trial being the boundary line between the claims of the parties.    Verdict and judgment for plaintiffs.    Defendants moved for a new trial upon two affidavits by a witness, Archibald. On the trial Archibald, a surveyor, was introduced by defendants

and testified in substance that he surveyed the ground claimed by plaintiffs in 1854, at the request of one Stidger, and that the west line ran within a few feet of a certain shaft. On motion for new trial plaintiffs procured and filed, within the statutory time, Archibald's affidavit, to the effect that his testimony and that of Stidger, who was with him when he made the survey, conflicted so much as to this west line that he concluded after the trial to go with Stidger upon the ground surveyed; and that, upon examining the different corners left standing, affiant remembered that in 1856 he had made a survey for Cramer and others which covered the lines testified to by affiant, " and that therefore he had possibly erred in his statement on the trial that said survey had been made in 1854, and that so long a time had elapsed since said survey that he cannot distinctly remember the lines surveyed on that occasion." Three months after filing this affidavit plaintiffs procured and filed a second affidavit of Archibald, of the same purport as the preceding one, with the exception of these concluding words, to wit : " That he is now satisfied that in giving his testimony he committed a mistake, and " that he is convinced that he erred in his statement on said trial, when he testified as to such survey as being made in 1854, but that so long a time has elapsed since said survey, that he cannot distinctly remember the lines surveyed on that occasion."

The Court below, defendants excepting, received this affidavit as explanatory of the first, but denied the new trial, on the ground that the affidavits show that the witness had not even then any distinct definite idea as to this west line, and that plaintiffs ought to have asked for a nonsuit, if they thought Archibald mistaken in his testimony, and feared its effect upon their cause.

*McConnell & Garber*, for Appellants.

The point made is this : On a former trial Archibald gave testimony on behalf of defendants, which probably carried the verdict. He now says that he was mistaken, and that upon a second trial he cannot give that evidence. It is true, he does not swear that on a second trial he can testify on behalf of plaintiffs, and upon this the District Judge bases his objection to the sufficiency of the affidavits. In other words, his Honor seems to think that Archibald must not ·

only be unable to give the same evidence on another trial, but that he should be able to testify to facts going to establish plaintiffs' case.

Such is not the rule.  If Archibald has forgotten the first survey so totally as to be unable to testify respecting it at all, and the defendants will thereby lose the benefit of his former evidence, it is all-sufficient for us.  It is enough for us that he cannot testify for defendants ; we have no right to ask that he shall testify for plaintiffs. (1 Gr. & Wat. on New Trials, 217–18 ; 3 Id. 1196 ; *De Gion* v. *Dover*, 2 Anstruther, 517 ; *D'Aguilar* v. *Tobin*, 2 Marsh. 265 ; *Richardson* v. *Fisher*, 1 Bing. 145 ; *Warren* v. *Hope*, 6 Greenl. 479.)

*George Cadwalader*, for Respondents.

I.  The second affidavit of Archibald was inadmissible, because too late ; (Pr. Act, 195) and the Court below properly refused the new trial.  (*Casey* v. *Silverthorn*, 9 Cal. 67 ; *Wing* v. *Owen*, Id. 247 ; *Lafferty* v. *Brownell*, 11 Id. 132.)

II.  But, conceding the admissibility of the second affidavit of Archibald, the matter therein is insufficient to authorize a new trial. The rule is that a new trial ought to be granted when a material witness has discovered that he testified incorrectly, by mistake, and against the interest of the petitioner for a new trial.  (1 G. & W. on New Trials, 217–18.)

The affidavit does not come within the rule.  Archibald has now no fixed impression as to the west or dividing line.  The point attempted to be made is, that witness did not run a west line, in the year 1854, for Judge Stidger ; or that if he did, he misstated its position, by placing it too near the " old shaft ;" but upon neither point is the affidavit explicit, inasmuch as it fails to show that a west line was or was not run ; and of course, says nothing about the position of the shaft.

Again, the affidavit does not satisfy the law, because it fails to show that the mistake was injurious to the petitioner.  Swearing to a mistake is not at all sufficient ; it must be a mistake, upon a material point, injurious to the complaining party.

III.  If the plaintiffs were surprised at the testimony of Archibald, they should have requested to be nonsuited.  (1 G. & W. on New Trials, 199.)

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

In passing upon applications for a new trial, much must be left to the discretion of the Judge below ; and we interfere reluctantly with the exercise of that discretion.   Two affidavits were made by the witness Archibald—the last some months after the first, and after the time for filing affidavits or statements on the motion had elapsed.   The Court was not bound to receive this last affidavit, and should not have considered it unless some good reasons were shown.   But it was not bound, after having received it, to give it conclusive effect, especially as the affidavit is not definite as to the fact of mistake in the testimony on the trial.   A very clear showing of mistake by the witness as to a material fact deposed to by him should be made, to induce the Court to grant a new trial on this ground, and then it should appear that the mistake was injurious to the party, and that he had no means or had used due diligence to counteract the mistake or to correct it.   In a long and severely litigated case, with many witnesses, it would scarcely ever happen that some of them would not be willing to depose that his language when on the stand needed some qualification, or that his memory was confused or uncertain as to some fact to which he had sworn without properly qualifying his statements.   It would be a premium for importunity and improper arts, though there is no suspicion of such a course here, to hold that a new trial should be granted whenever a witness was willing to qualify the statements he made on the stand.   At any rate, we would not be justified in holding that the Court below erred in refusing to grant a new trial for the cause assigned.

The other points do not seem to be well taken.   Judgment affirmed.